KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MARC E. MAYER (SBN 190969)
mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Nexon America Inc.

FILED
CLERK, U.S. DISTRICT COURT

AUG 23 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

NEXON AMERICA INC. a Delaware
corporation,

Plaintiff,

v.

PARDEEP KUMAR a/k/a "Alex,"
"Zain," "Alex Licena," "Alex
Sarimento," "Alex Awesome,"
"lilkidalex," and gmanpopinjay," an
individual, and DOES 1 through 10,
inclusive.

Defendants.

Case No. LACV11-6991ODW(SSx)

**COMPLAINT FOR:**

(1) **COPYRIGHT INFRINGEMENT**
(2) **INDUCEMENT TO INFRINGE COPYRIGHTS**
(3) **CONTRIBUTORY COPYRIGHT INFRINGEMENT**
(4) **VICARIOUS COPYRIGHT INFRINGEMENT**
(5) **VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**
(6) **BREACH OF CONTRACT**
(7) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

**DEMAND FOR JURY TRIAL**

Mitchell
Silberberg &
Knupp LLP
4054046.1

COMPLAINT

Nexon America Inc. ("Nexon") avers as follows:

## **Preliminary Statement**

1.      Nexon is a premier developer and publisher of computer games and related entertainment products and the owner of the United States copyright in the computer game titled "MapleStory."  Nexon brings this action to put an immediate stop to, and to seek redress for, Defendants' willful and knowing copyright infringement, unlawful circumvention of Nexon's software access control technology, trafficking in circumvention devices, and other unlawful and tortious conduct.  These activities have caused massive and irreparable injury to Nexon and its business.

2.      MapleStory is an immensely popular, "massively multiplayer" online role-playing game ("MMORPG"), in which hundreds or thousands of users, via an Internet connection, simultaneously interact with each other and explore the fictional "Maple World," defeating monsters, completing quests, solving puzzles, and developing their characters' skills and abilities.  MapleStory has six million registered players in North America and 92 million registered players worldwide.

3.      Defendants are the creators, owners and operators of a for-profit venture known as "UMaple."  UMaple is a network of servers, websites, and related products and services (collectively, the "UMaple Network") that enable players to unlawfully copy, access, and play MapleStory without authorization from Nexon.  At the heart of the UMaple Network are three "private" servers known as "AuraSEA," "BankaiStory," and "PockyMS" (collectively, the "UMaple Servers"), each of which enables members of the public to access and play MapleStory without the authorization of Nexon.  To create the UMaple Network and UMaple Servers, Defendants copied, adapted, and distributed MapleStory (or its constituent elements), and encouraged and induced members of the public to unlawfully download and copy MapleStory, both in violation of Nexon's

Mitchell
Silberberg & Knupp LLP
4054046.1

1

COMPLAINT

1   copyrights and in violation of Defendants' contracts with Nexon.  Defendants also
2   circumvented, and trafficked in devices intended to circumvent, Nexon's access-
3   control technologies designed to prevent precisely the types of activities in which
4   Defendants engage.

5        4.      Defendants have unjustly profited from their actions, while causing
6   massive damage to Nexon.  Defendants have used Nexon's highly valuable
7   intellectual property to divert legitimate MapleStory players from the authorized,
8   official MapleStory server to Defendants' unauthorized servers.  Defendants then
9   profited from their actions by soliciting and accepting monetary payments
10  (disguised as "donations").  In so doing, Defendants have seized for themselves the
11  very benefits to which Nexon is entitled as a result of its massive investment of
12  time, energy, and expense.  Defendants are well aware that their conduct is
13  unlawful and violates Nexon's intellectual property rights, and thus have disguised
14  themselves and their activities by operating anonymously, through a variety of
15  aliases, false names, and addresses.

16

17                          **JURISDICTION AND VENUE**

18       5.      This is a civil action seeking damages and injunctive relief under the
19  Copyright Act, 17 U.S.C. § 101, et seq., and under the laws of the State of
20  California.

21       6.      This Court has subject matter jurisdiction over Nexon's claims for
22  copyright infringement and violation of Section 1201 of the DMCA pursuant to
23  28 U.S.C. §§ 1331 and 1338(a).  Pursuant to 28 U.S.C. § 1367, this Court has
24  supplemental jurisdiction over Nexon's state law claims for breach of contract and
25  intentional interference with contract, in that they are so related to Nexon's claims
26  under the Copyright Act as to be part of the same case or controversy.

27       7.      This Court has personal jurisdiction over Defendants, including
28  because all Defendants have engaged in, contributed to, and induced the infringing

Mitchell
Silberberg &
Knupp LLP

4054046.1

2

COMPLAINT

1   conduct at issue within the United States and the State of California and, among

2   other things, purposefully have directed their activities at the United States and at

3   California.  Nexon additionally avers that, among other things, (a) each of the

4   Defendants or their respective agents are doing or have been doing business

5   continuously in the State of California and this District, (b) a substantial part of the

6   wrongful acts committed by Defendants, and each of them, have occurred in

7   interstate commerce, in the State of California, and in the Central District of

8   California, and (c) Defendants know that the damages and other harmful effects of

9   Defendants' infringing activities occur in the United States, and primarily in

10  California, where Nexon has its principal place of business.

11         8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and

12  1400 because this is a judicial district in which a substantial part of the events

13  giving rise to the claims occurred, and/or which Nexon's injury was suffered.

14

15                          **THE PARTIES**

16         9.      Nexon is a corporation duly organized and existing under the laws of

17  the State of Delaware, with its principal place of business in El Segundo,

18  California.

19         10.     Nexon is, and at all relevant times has been, the owner of the United

20  States copyright in the computer game titled "MapleStory."  Nexon's copyright in

21  MapleStory covers nearly all aspects of the game as distributed, including, without

22  limitation, (a) all of the human- and machine-readable computer code and any

23  other data distributed as part of the MapleStory game, (b) all graphical and textual

24  elements of the screens that appear in the game when the game is executed on a

25  personal computer, (c) all graphical and textual elements of documents distributed

26  with the game, and (d) all motion picture and sound recordings, and other audio-

27  visual elements distributed with and as part of the game.

Mitchell
Silberberg & 28
Knupp LLP
4054046.1

3

COMPLAINT

1        11.    Nexon is informed and believes, and on that basis avers, that each of

2 the Defendants herein is engaged in the development, sale, and/or distribution of

3 the MapleStory Servers and related websites and services.  The primary purpose of

4 Defendants' products and services is to profit from the unauthorized use of

5 Nexon's copyrighted MapleStory game, including by diverting users from Nexon's

6 official MapleStory server to their own unlawful server, where they receive

7 revenue from these users.

8        12.    Nexon is informed and believes, and on that basis avers, that

9 Defendant Pardeep Kumar (a/k/a "Alex," "Zain," "Alex Licena," "lilkidalex," and

10 "gmanpopinjay") ("Kumar") is an individual residing in Richmond Hill, New

11 York.  Nexon is informed and believes, and on that basis avers, that Kumar is an

12 owner, operator, and creator of, and the driving force behind, the UMaple

13 Network.

14        13.    The true names and capacities, whether individual, corporate,

15 associate, or otherwise, of Defendants sued herein as Does 1 through 10, inclusive,

16 are unknown to Nexon, and Nexon sues said Defendants by such fictitious names

17 (the "Doe Defendants").  The Doe Defendants include individuals whose real

18 identities are not yet known to Nexon, but who are acting in concert with the

19 named Defendants, often in the guise of Internet aliases, in committing the

20 unlawful acts alleged herein.  Among the Doe Defendants are individuals using

21 aliases "Ashley," "candyman," "BABYBE3ZY," "Awesome," and "Emilyx3."

22 Nexon will seek leave to amend this complaint to state their true names and

23 capacities.  Nexon is informed and believes, and on that basis avers, that the Doe

24 Defendants are liable to Nexon as a result of their participation in all or some of

25 the acts hereinafter set forth (all of the Defendants, including the Doe Defendants,

26 collectively are referred to as "Defendants").

27

28

Mitchell
Silberberg &
Knupp LLP
4054046.1

COMPLAINT

14.   Nexon is informed and believes, and on that basis avers, that at all times mentioned in this complaint, each of the Defendants was the agent of each of the other Defendants and, in doing the things averred in this complaint, was acting within the course and scope of such agency.

## FACTS APPLICABLE TO ALL CLAIMS

### Nexon's MapleStory Computer Game

15.   Nexon, a computer game publisher and distributor, is the owner of the United States copyright in the computer game "MapleStory." MapleStory is one of Nexon's flagship properties. There are six million registered players of MapleStory in North America and 92 million players worldwide.

16.   In MapleStory, players travel throughout the "Maple World," defeating foes, completing quests, solving puzzles, and developing their characters' skills and abilities. Players can interact with others in many ways, such as chatting, trading, and playing short "mini-games." As players move through the game and defeat foes, they acquire "experience points" (used to increase a character's abilities) and obtain items, such as weapons, money, and armor.

17.   Nexon is one of the pioneers of the "Free to Play" model of online computer games. Playing MapleStory requires only that the user register an account with Nexon free of charge. Users may purchase "virtual goods" (in-game items, such as clothing, weapons, armor, or pets, used to customize a user's character and in-game experience) from Nexon's "Cash Shop" using virtual currency, known as "NX Cash." "NX Cash" is purchased using actual currency. A significant portion of Nexon's revenue from MapleStory is derived from the sales of such virtual goods. It is these sales that enable Nexon to make MapleStory free to play, while many other online games charge a monthly subscription fee or require purchase of game software.

Mitchell
Silberberg &
Knupp LLP
4054046.1

18. Two interrelated components are required to play MapleStory. First, users must download and install on their personal computers a software product known as the MapleStory "client." The client contains an "executable" (.exe) file (the "MapleStory EXE") that is used to launch the MapleStory game program. The MapleStory EXE also contains a number of files that contain certain individual elements of the MapleStory game, such as characters, artwork, sounds, and other audiovisual elements that are perceived by the user when the game is being played. Second, once the MapleStory client has been installed, users must connect to Nexon's MapleStory Internet server via an online connection. Nexon's MapleStory server, among other things, provides players with access to the copyrighted content of the MapleStory gaming environment, connects MapleStory players with each other, and generates the living, evolving MapleStory game world in which users interact with each other and with the game. In its normal course of operation, MapleStory cannot be played without both the MapleStory client and an active online connection to Nexon's MapleStory server.

19. The MapleStory client is made available by Nexon on its website and constantly is being updated and refined, including to add additional features, fix bugs, and increase security measures. Once an updated client is made available to the public, the earlier client is removed from the Nexon website and no longer is made available by Nexon to the public. Nexon does not authorize any third parties to distribute the MapleStory client, including (and especially) any older, superseded version of the MapleStory client. Thus, any websites that distribute any superseded version of the MapleStory client are doing so without license or authorization, and thereby are infringing Nexon's copyright in MapleStory.

## **The Terms of Use Agreements**

20. Prior to playing any Nexon computer game (including MapleStory), users must register for a Nexon "Passport ID" at the website www.nexon.net.

1   During the registration process, users must create a unique ID and provide Nexon

2   with their name, email, gender, and age.  Users also are provided with a link to

3   view Nexon.net's Terms of Use ("Nexon.net ToU") and Privacy Policy.

4        21.    Before registration, users must confirm that they have read, and

5   manifest their agreement to, the Nexon.net ToU and Privacy Policy by checking a

6   box at the bottom of the Nexon.net registration web page.  Users also may decline

7   to enter into this contract by not checking the box, at which point they will not be

8   able to register for Nexon.net or download the game client.

9        22.    The Nexon.net ToU sets forth the terms of a limited-use license

10  between Nexon and the users of Nexon.net, pursuant to which Nexon grants to

11  each user, subject to the terms of the Nexon.net ToU, "a non-exclusive, limited,

12  fully revocable, license to use the Service, and the content contained therein in

13  conjunction with the Service."  The Nexon.net ToU also provides that "[The user]

14  may not modify, publish, transmit, sell, reproduce, upload, post, distribute,

15  perform, display, create derivative works from, or in any way, exploit such content,

16  except as Nexon America expressly permits in the Agreement of the Service.  [The

17  user's] use of such content for any purpose other than as expressly permitted by

18  this Agreement or the Service is a violation of the intellectual property rights and

19  other proprietary rights of Nexon America...."

20       23.    The Nexon.net ToU also provides that users agree not to:

21            (a)    "use the Service, Cash Items, or Software for any unlawful

22  purpose or in any manner not intended by the Company as contemplated herein

23  and/or on the Site";

24            (b)    "Host, provide matchmaking services for, or emulate or redirect

25  the communications protocols used by [Nexon] (or [Nexon's] designees) as part of

26  the Service, including without limitation, by protocol emulation, tunneling, reverse

27  engineering, modifying the Software or using a utility program to host the

Mitchell
Silberberg & 28  Software";
Knupp LLP

4054046.1
                                    7
                              COMPLAINT

1              (c)    "Sell, advertise, or post information on hacks for the Software,

2   Cash Items, or Service and/or posting advertising, posting information on or selling

3   hacks for any other software or web sites";

4              (d)    "Exploit the Software, Cash Items or the Service for any

5   commercial purpose, including the provision of 'power leveling' services";

6              (e)    "Modify the Software, Cash Items or the Service to change

7   'game play,' including without limitation, creating cheats and/or hacks or using

8   third-party software to access files in the Software or Service";

9              (f)    "Reverse engineer, decompile, or disassemble all or any portion

10   of the Service, Cash Items or Software"; and

11              (g)    "Use tools which hack or alter the Software, Cash Items or the

12   Service or that allow users to connect to the Software's private binary interface or

13   other interfaces other than those provided by [Nexon] to [users]."

14       24.    In addition to the foregoing, once a user has registered with Nexon.net

15   (and *only* after being registered with Nexon.net), he or she may download and

16   install the MapleStory client.  During the installation process, the MapleStory

17   client displays a contract to the user called "Nexon America Inc. – Terms of Use"

18   (the "MapleStory ToU").  Before playing the game for the first time, the user must

19   manifest assent to the MapleStory ToU by clicking on a button labeled "Agree."

20   The user also may decline to enter into this contract by clicking a button labeled

21   "Disagree," at which point the game client will terminate, denying access to the

22   user.

23       25.    Like the Nexon.net ToU, the MapleStory ToU sets forth a limited-use

24   license between Nexon and the users of MapleStory, pursuant to which Nexon

25   grants to each user, subject to the terms of the MapleStory ToU, "a non-exclusive,

26   limited, fully revocable, license to use the Service, and the content contained

27   therein in conjunction with the Service.  [The user] may not modify, publish,

28   transmit, sell, reproduce, upload, post, distribute, perform, display, create

Mitchell
Silberberg &
Knupp LLP

4054046.1

COMPLAINT

1   derivative works from, or in any way, exploit such content, except as Nexon

2   America expressly permits in the Agreement of the Service. [The user's] use of

3   such content for any purpose other than as expressly permitted by this Agreement

4   or the Service is a violation of the intellectual property rights and other proprietary

5   rights of Nexon America...."

6        26.    The MapleStory ToU also provides that users agree not to "host,

7   provide matchmaking services for, or emulate, or redirect the communications

8   protocols used by Nexon (or Nexon's designees) as part of the Service, including

9   without limitation, by protocol emulation, tunneling, reverse engineering,

10  modifying the Software or using a utility program to host the Software; to exploit

11  the Software, Cash Items or the Service for any commercial purpose, including the

12  provision of 'power leveling' services"; to modify the Software, Cash Items or the

13  Service to change game play, "including without limitation, creating cheats and/or

14  hacks or using third-party software to access files in the Software or Service; to

15  reverse engineer, decompile, or disassemble all or any portion of the Service, Cash

16  Items or Software"; and to use tools that "hack or alter the Software, Cash Items or

17  the Service or that allow users to connect to the Software's private binary interface

18  or other interfaces other than those provided by [Nexon] to [users]."

19       27.    The provisions of the Nexon.net ToU and the MapleStory ToU are

20  designed to protect the integrity of MapleStory and provide commercially

21  reasonable contractual protection of Nexon's rights in and to the client and server

22  elements of MapleStory. (The Nexon.net ToU and the MapleStory ToU are

23  referred to herein collectively as the "ToU.")

24

25                 **Nexon's Access and Copy Control Technologies**

26       28.    To prevent members of the public from improperly accessing,

27  exploiting, modifying, and profiting from MapleStory without its consent, Nexon

Mitchell
Silberberg & 28
Knupp LLP

4054046.1

9

COMPLAINT

1  has implemented a number of technological measures that effectively control

2  unauthorized access to the copyrighted elements in the game client.

3       29.    First, the MapleStory client contains a technological measure that

4  prevents the client from being connected to any server other than Nexon's

5  MapleStory game server.  If the client attempts to connect to a game server other

6  than Nexon's MapleStory game server, the MapleStory client will terminate and

7  MapleStory cannot be played.  Additionally, during its normal course of operation,

8  once connected to Nexon's MapleStory server, the MapleStory client will perform

9  a periodic "check" of the Internet ("IP") address to which it is connected to

10 confirm that it still is connected to the authorized server.  If at any time, that

11 "check" fails (i.e., if the MapleStory client determines that it is connected to a

12 server other than Nexon's MapleStory server), the client will immediately

13 terminate.

14      30.    Second, certain versions of the MapleStory client are designed to

15 interact with and run third-party technology security measures (either

16 "HackShield" or "GameGuard").  HackShield and GameGuard are anti-hacking

17 technologies that detect and block a variety of hacking tools and attacks, including

18 hacks that enable users to cheat in or modify MapleStory, to access restricted

19 memory locations, and to create counterfeit versions of the MapleStory client.

20 When the MapleStory client is launched, HackShield or GameGuard also

21 automatically is launched.  These security measures ordinarily cannot be disabled

22 or deactivated by MapleStory users.

23      31.    Third, the MapleStory client contains a technological security

24 measure that causes memory information and other elements of the computer code

25 contained in the MapleStory client to remain hidden or encrypted when accessed

26 by various system tools.  This security measure prevents would-be hackers from

27 accessing and modifying memory locations within the client to alter or modify

Mitchell
Silberberg & 28
Knupp LLP

4054046.1

1   MapleStory or to decrypt or capture data transmitted between the MapleStory

2   client and Nexon's MapleStory server.

3

4                        **The UMaple Network**

5        32.    Defendants, either individually or collectively, developed, own, and

6   operate a network of unauthorized ("private") MapleStory servers and affiliated

7   websites known as the "UMaple Network." The UMaple Network is a for-profit

8   venture that offers its users the ability to access and play MapleStory without

9   Nexon's authorization and without being connected to Nexon's MapleStory server.

10   The UMaple Network promotes itself as "The Biggest MapleStory Network!" and

11   a "MapleStory private server Eden."

12        33.    The UMaple Network is comprised of several interrelated

13   components, including three UMaple Servers ("AuraSEA," "BankaiStory," and

14   "PockyMS") and three websites that provide users with information, products, and

15   other services necessary to access and use each of the UMaple Servers. These

16   websites are www.aurasea.net, www.bankaistory.net, and www.pockyms.net (the

17   "UMaple Websites"). The UMaple Websites are promoted, connected, and most

18   easily accessed via a central "hub" website located at www.umaple.net (the

19   "UMaple Hub"). The UMaple Hub contains links to each of the UMaple Websites.

20   The UMaple Hub also contains a forum or message board, where Defendants and

21   users of the UMaple Servers provide technical support, talk about the game, and

22   trade tips on how to access and play MapleStory on the UMaple Servers.

23        34.    Each of the UMaple Servers is designed to emulate (or mimic)

24   Nexon's MapleStory server and to enable large-scale, multi-player online play of

25   MapleStory without the authorization of Nexon. Each of the UMaple Servers

26   operates using a different version of the MapleStory client. Each also offers

27   various game-play modifications or "enhancements" not available on Nexon's

1   MapleStory server.  For example, when MapleStory is played on the UMaple

2   Servers, players are granted the ability to gain experience points at a faster pace.

3         35.    Defendants market and promote the UMaple Servers via the UMaple

4   Websites.  Additionally, the UMaple Websites provide a variety of support

5   services to users wishing to access and play MapleStory on the UMaple Servers,

6   including software products and instructional materials.

7

8                         **The UMaple Software**

9         36.    As noted, the MapleStory client contains security measures that

10  prevent the MapleStory client from launching or, once launched, continuing to

11  operate if the client is not connected to Nexon's MapleStory server.  Accordingly,

12  Defendants created and uploaded to the Internet specialized software files that are

13  designed to circumvent and bypass these security measures.  These files are known

14  as the "AuraSEA Launcher," "PockyMS EXE," and "BankaiStory EXE"

15  (collectively, the "UMaple Software").

16        37.    The AuraSEA Launcher is an executable computer file created by

17  Defendants that "launches" the MapleStory client in a special manner that

18  automatically causes and allows the MapleStory client to connect to the AuraSEA

19  server.  The AuraSEA Launcher circumvents and bypasses Nexon's security

20  measures by causing the MapleStory client to falsely detect that it is connected to

21  the Nexon MapleStory server, when, in fact, it is connected to the AuraSEA server.

22        38.    The PockyMS EXE and BankaiStory EXE files are copies or

23  derivative works of the MapleStory EXE file contained within Nexon's

24  MapleStory client.  To circumvent and bypass Nexon's security measures and

25  allow the MapleStory client to operate with the PockyMS and BankaiStory servers,

26  Defendants downloaded, copied, and then made several critical modifications to

27  Nexon's MapleStory EXE file:

Mitchell
Silberberg & 28
Knupp LLP
4054046.1

1        (a)    First, the MapleStory EXE file contains commands and

2    instructions that direct the MapleStory client to connect to the Nexon MapleStory

3    server.  Defendants modified those commands and instructions in the PockyMS

4    EXE and BankaiStory EXE files so that, when these programs are run, they cause

5    the MapleStory client to connect to the PockyMS or BankaiStory server, instead of

6    the Nexon MapleStory server.

7        (b)    Second, Defendants incorporated code into the PockyMS EXE

8    and BankaiStory EXE files that causes the MapleStory client to falsely detect that

9    it is connected to the Nexon MapleStory server, when, in fact, it is not.  Such code

10    causes the MapleStory client to remain open even when it is connected to the

11    UMaple Servers.

12        (c)    Third, Defendants included code in PockyMS EXE and

13    BankaiStory EXE that prevents HackShield and GameGuard from launching when

14    the MapleStory client is launched.

15    39.    To create the UMaple Software, Defendants used specialized software

16    to access, and in some cases also to decrypt, the code contained in the MapleStory

17    EXE.

18    40.    Other than the above modifications, the PockyMS EXE and

19    BankaiStory EXE files are almost complete copies of the MapleStory EXE files

20    from which they are derived.  As such, PockyMS and BankaiStory contain much of

21    the code contained in Nexon's copyrighted MapleStory EXE file and infringe

22    Nexon's copyrighted MapleStory client.

23

24                  **The UMaple Websites**

25    41.    To play MapleStory on any of the UMaple Servers, a user must

26    possess (1) a registered account with the UMaple Servers, (2) a copy of the

27    appropriate version of the MapleStory client used by the UMaple Servers (e.g.,

28    version 55, version 75, or the Southeast Asian (SEA) version), and (3) a copy of

Mitchell
Silberberg &
Knupp LLP
4054046.1

1   the appropriate UMaple Software (e.g., the AuraSEA launcher, PockyMS,

2   BankaiStory MS). The UMaple Websites were designed as one-stop shops to

3   provide users with everything necessary to join and connect to the UMaple

4   Servers.

5       42.   When a user visits any of the UMaple Websites, he or she is presented

6   with a detailed set of instructions on how to register an account, locate the

7   necessary files, and integrate the files with each other. As part of those

8   instructions, or on a separate "downloads" page, Defendants have provided links to

9   pirated copies of the compatible MapleStory client and to the corresponding

10  UMaple Software. Clicking on those links commences an immediate download of

11  these software files. Once users have downloaded the necessary files and followed

12  the instructions provided to them by Defendants, with the click of a button they

13  may immediately launch the pirated MapleStory client and play MapleStory on the

14  selected UMaple Server, without Nexon's authorization.

15      43.   In the event that a user encounters any difficulty in downloading the

16  necessary files, launching the pirated MapleStory client, or connecting to a

17  UMaple Server, Defendants offer ongoing technical support via message boards

18  contained on the UMaple Hub. Nexon is informed and believes, and on that basis

19  avers, that Defendants regularly monitor these message boards and regularly

20  provide technical support to UMaple users, either via the message boards or

21  through personal chats or private messages.

22      44.   Nexon is informed and believes, and on that basis avers, that, as a

23  result of Defendants' activities, hundreds of thousands of individuals have

24  unlawfully downloaded the pirated MapleStory client files and the UMaple

25  Software and have used these files to connect to the UMaple Servers and then

26  access and play MapleStory without the authorization of Nexon. All or nearly all

27  of these users have viewed and manifested their assent to Nexon's ToU.

Mitchell
Silberberg & 28
Knupp LLP
4054046.1

14

COMPLAINT

**<u>Defendants' Willful and Deliberate Harm to Nexon</u>**

45.    Defendants are well aware that they do not have any license, right, or authority to engage in any of the foregoing activities.  It is well known to the public, and Defendants certainly know, that Nexon owns the copyright in MapleStory (the home page of UMaple expressly states that "All content are [sic] properties of their respective owner(s)") and that Nexon expressly has prohibited the development, operation, and use of private or unauthorized servers. Defendants also know that, by engaging in the foregoing activities, they are encouraging and inducing their users to violate Nexon's ToU and/or their own contracts with third-party network providers.

46.    Due to Defendants' deliberate hosting, development, distribution, and encouragement of use of the UMaple Servers, players have been able to use the UMaple Servers to access Nexon's copyrighted content, to play MapleStory, and to access virtual goods.  The availability and development of the UMaple Servers is designed to enable game play completely separate from the authorized MapleStory environment, and thereby deprives Nexon of the fruits of its labors in developing the MapleStory client and gaming environment.

47.    Defendants unjustly profit from these unlawful activities by encouraging their UMaple Network users to make "donations" to fund its continued operation.  Defendants encourage these "donations" by providing "thank you gifts" that those "donors" may use on the UMaple Servers.  Nexon is informed and believes, and on that basis avers, that Defendants have made hundreds of thousands, if not millions, of dollars from their operation of the UMaple Network.

48.    Nexon is informed and believes, and on that basis avers, that Defendants and others acting in concert with them continue to develop and operate the UMaple Servers to the present day and continue to cause Nexon irreparable harm.

Mitchell
Silberberg &
Knupp LLP

4054046.1

## COUNT I

### Direct Copyright Infringement

49.   Nexon realleges each and every allegation set forth in Paragraphs 1 through 48, inclusive, and incorporates them by reference herein.

50.   Nexon owns valid copyrights in MapleStory, including, without limitation, the MapleStory client and server software.

51.   Defendants have infringed Nexon's copyrights in MapleStory by reproducing, adapting, and distributing MapleStory, including the copyrighted elements of the MapleStory client, game server, and gaming environment, without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.  Such infringing conduct includes, but is not limited to, (a) copying and distributing unauthorized copies of the MapleStory client software; (b) copying and adapting the MapleStory EXE to create the UMaple Software; and (c) creating and distributing derivative works of the MapleStory EXE, including the UMaple Software.

52.   Each such infringement by Defendants of MapleStory constitutes a separate and distinct act of infringement.

53.   Defendants' acts of infringement are willful, in disregard of, and with indifference to the rights of Nexon.

54.   As a direct and proximate result of the infringements by Defendants, Nexon is entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.  Alternatively, Nexon is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

55.   Nexon further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

56.   As a result of Defendants' acts and conduct, Nexon has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which

Mitchell
Silberberg & Knupp LLP

4054046.1

COMPLAINT

1    there is no adequate remedy at law.  Nexon is informed and believes, and on that

2    basis avers, that, unless enjoined and restrained by this Court, Defendants will

3    continue to infringe Nexon's rights in MapleStory.  Nexon is entitled to temporary,

4    preliminary, and permanent injunctive relief to restrain and enjoin Defendants'

5    continuing infringing conduct.

6

7                                 **COUNT II**

8                         **Inducement to Infringe Copyright**

9        57.    Nexon realleges each and every allegation set forth in Paragraphs 1

10   through 56, inclusive, and incorporates them by reference herein.

11       58.    When users of the UMaple Servers download, install, and copy to

12   their computers the pirated MapleStory client and the UMaple Software, such users

13   infringe Nexon's copyrights in MapleStory.  17 U.S.C. §§ 106 and 501.  Such

14   users also infringe Nexon's copyrights in MapleStory when they integrate the

15   UMaple Software with Nexon's MapleStory client and then use the UMaple

16   software files to connect to the UMaple Servers and play MapleStory thereon.

17       59.    Defendants have actively encouraged and induced users of the

18   UMaple Servers to engage in the foregoing copyright infringement, including,

19   among other things, by providing users of the UMaple Servers with instructions,

20   encouragement, and technical support on (1) how to locate and install Nexon's

21   MapleStory client and the UMaple Software; (2) how to integrate the UMaple

22   Software with the MapleStory client; and (3) how to connect to the UMaple

23   Servers and access and play MapleStory without authorization from Nexon.  As a

24   direct and proximate result of such inducement, Defendants' users have infringed

25   Nexon's rights in MapleStory.

26       60.    Each such infringement by users of the UMaple Servers constitutes a

27   separate and distinct act of infringement.

Mitchell
Silberberg &
Knupp LLP
4054046.1

28

1    61.    Defendants' acts of infringement were willful, in disregard of, and

2  with indifference to the rights of Nexon.

3    62.    As a direct and proximate result of the infringements by Defendants,

4  Nexon is entitled to damages and to Defendants' profits in amounts to be proven at

5  trial, which are not currently ascertainable.  Alternatively, Nexon is entitled to

6  maximum statutory damages of $150,000 for each copyright infringed, or in such

7  other amount as may be proper under 17 U.S.C. § 504(c).

8    63.    Nexon further is entitled to its attorneys' fees and full costs pursuant

9  to 17 U.S.C. § 505.

10    64.    As a result of Defendants' acts and conduct, Nexon has sustained and

11  will continue to sustain substantial, immediate, and irreparable injury, for which

12  there is no adequate remedy at law.  Nexon is informed and believes, and on that

13  basis avers, that, unless enjoined and restrained by this Court, Defendants will

14  continue to infringe Nexon's copyrights.  Nexon has no adequate remedy at law.

15  Nexon is entitled to injunctive relief to restrain and enjoin Defendants' continuing

16  infringing conduct.

17

18                              **COUNT III**

19                **Contributory Copyright Infringement**

20    65.    Nexon realleges each and every allegation set forth in Paragraphs 1

21  through 64, inclusive, and incorporates them by reference herein.

22    66.    When users of the UMaple Servers download, install, and copy to

23  their computers the pirated MapleStory client and the UMaple Software, such users

24  infringe Nexon's copyrights in MapleStory.  17 U.S.C. §§ 106 and 501.  Such

25  users also infringe Nexon's copyrights in MapleStory when they integrate the

26  UMaple Software with Nexon's MapleStory client and then use these files to

27  connect to the UMaple Servers and play MapleStory thereon.

Mitchell
Silberberg & 28
Knupp LLP

4054046.1

                                    18

67.     Defendants have actual and constructive knowledge of the foregoing infringements.  Defendants have materially contributed to the foregoing infringements, including by creating the UMaple Servers, creating the UMaple Software, providing users with copies the MapleStory client and the UMaple Software, and providing instructions to users on how to locate and install the MapleStory client and UMaple Software.

68.     Each such infringement by users of the UMaple Servers constitutes a separate and distinct act of infringement.

69.     Defendants' acts of infringement were willful, in disregard of, and with indifference to the rights of Nexon.

70.     As a direct and proximate result of the infringements by Defendants, Nexon is entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.  Alternatively, Nexon is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

71.     Nexon further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

72.     As a result of Defendants' acts and conduct, Nexon has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Nexon is informed and believes, and on that basis avers, that, unless enjoined and restrained by this Court, Defendants will continue to infringe Nexon's copyrights.  Nexon has no adequate remedy at law. Nexon is entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT IV

### Vicarious Copyright Infringement

73.     Nexon realleges each and every allegation set forth in Paragraphs 1 through 72, inclusive, and incorporates them by reference herein.

74.     When users of the UMaple Servers download, install, and copy to their computers the pirated MapleStory client and the UMaple Software, such users infringe Nexon's copyrights in MapleStory.  17 U.S.C. §§ 106 and 501.  Such users also infringe Nexon's copyrights in MapleStory when they integrate the UMaple Software with Nexon's MapleStory client and then use these files to connect to the UMaple Servers and play MapleStory thereon.

75.     Defendants have the right and ability to supervise and control the infringing conduct of users of the UMaple Servers.  Defendants have failed and refused to exercise such supervision and control to limit infringement to the extent required by law.  As a direct and proximate result of such refusal, users of the UMaple Servers have infringed Nexon's copyrights in MapleStory.

76.     Defendants derive a direct financial benefit from this infringement, including, but not limited to, financial "donations" from users of the UMaple Servers.

77.     Each such infringement by users of the UMaple Servers constitutes a separate and distinct act of infringement.

78.     Defendants' acts of infringement were willful, in disregard of, and with indifference to the rights of Nexon.

79.     As a direct and proximate result of the infringements by Defendants, Nexon is entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.  Alternatively, Nexon is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

Mitchell
Silberberg &
Knupp LLP
4054046.1

COMPLAINT

80.   Nexon further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

81.   As a result of Defendants' acts and conduct, Nexon has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Nexon is informed and believes, and on that basis avers, that, unless enjoined and restrained by this Court, Defendants will continue to infringe Nexon's copyrights.  Nexon has no adequate remedy at law. Nexon is entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## **COUNT V**

### **Violation of the Digital Millennium Copyright Act**

82.   Nexon realleges each and every allegation set forth in Paragraphs 1 through 81, inclusive, and incorporates them by reference herein.

83.   The UMaple Software products are technologies, products, services, devices, components, or parts thereof that primarily are designed or produced for the purpose of circumventing a technological measure that effectively controls the access to a copyrighted work and that protects the exclusive rights of copyright owners.

84.   The UMaple Software has no commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to copyrighted work and that protects the exclusive rights of copyright owners.

85.   Defendants market the UMaple Software with knowledge of its use to circumvent Nexon's technological access controls and copyright protection.

86.   As a result of the foregoing, Defendants are offering to the public, providing, or otherwise trafficking in technology in violation of 17 U.S.C. §§ 1201(a)(2) and (b).

Mitchell
Silberberg &
Knupp LLP

4054046.1

COMPLAINT

87.     Additionally, Defendants, through their creation and distribution of the UMaple Software, and by facilitating the conduct of users of the UMaple Software, are themselves violating or are aiding and abetting violations of 17 U.S.C. § 1201(a)(1)(A).

88.     Defendants' acts constituting DMCA violations have been and continue to be performed without the permission, authorization, or consent of Nexon.

89.     Defendants have violated Section 1201 of the DMCA willfully and for private commercial gain.

90.     Defendants' conduct has caused damage to Nexon and has unjustly enriched Defendants, in an amount to be proven at trial.

91.     As a result of Defendants' acts and conduct, Nexon has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Nexon is informed and believes, and on that basis avers, that, unless enjoined and restrained by this Court, Defendants will continue to violate Section 1201 of the DMCA.  Nexon has no adequate remedy at law.  Nexon is entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

92.     As a direct and proximate result of Defendants' conduct, pursuant to 17 U.S.C. §1203(c), Nexon is entitled to profits attributable to Defendants' violations of 17 U.S.C § 1201.

93.     Alternatively, Nexon is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 1203(c), in the amount of $2,500 with respect to each act of circumvention, device, product, component, offer, or performance of service.

94.     Nexon further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b).

## COUNT VI

### Breach of Contract

95.   Nexon realleges each and every allegation set forth in Paragraphs 1 through 94, inclusive, and incorporates them by reference herein.

96.   Defendants' actions, as stated above, constitute breach of the ToU entered into or agreed to by Defendants, in violation of the laws of the State of California, by reason of which Nexon has suffered and will continue to suffer harm and irreparable injury.

## COUNT VIII

### Intentional Interference with Contractual Relations

97.   Nexon realleges each and every allegation set forth in Paragraphs 1 through 96, inclusive, and incorporates them by reference herein.

98.   As described herein, before playing the game, licensed users of MapleStory must first assent to the ToU, thereby creating contracts between the users and Nexon.  Nexon is informed and believes, and on that basis avers, that users of the UMaple Servers have assented to the ToU.

99.   Nexon's contracts with its users are valid and enforceable.

100.   Nexon is informed and believes, and on that basis avers, that Defendants are aware of the contracts between Nexon and its users, and additionally are aware of the ToU by virtue of their own personal Nexon.net accounts.  Defendants specifically are aware that the ToU prohibits MapleStory players from using or providing unauthorized hacks, alterations, or modifications of MapleStory.  Nevertheless, Defendants intentionally induce users of MapleStory to use the UMaple Servers in breach of MapleStory users' contracts with Nexon.

101.   By inducing licensed users to breach their contracts with Nexon, Defendants intentionally interfere with the contracts between Nexon and licensed users of MapleStory.

Mitchell
Silberberg &
Knupp LLP

4054046.1

23

102.  Defendants' actions were committed willfully and knowingly. Defendants knowingly induced breaches with an improper motive, namely, to profit from "donations" or other fees received from players of the UMaple Servers, which harm the MapleStory game experience, and which Defendants knew Nexon prohibited.

103.  As a result of Defendants' actions, Nexon has suffered damage in an amount to be proven at trial, including, but not limited to, loss of goodwill among MapleStory users, diversion of Nexon resources to attempt to prevent the development of hacks, loss of revenue from terminated users, and decreased revenue.

104.  Defendants' intentional interference with the contracts between Nexon and its licensed users entitles Nexon to injunctive relief and compensatory damages and other available relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Nexon prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including, but not limited to, an Order:

1.  Preliminarily and permanently enjoining Defendants, their officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, affiliates, and all persons acting in concert or participation with them from: (i) infringing Nexon's copyrighted works; (ii) inducing or contributing to third-party infringements of Nexon's copyrighted works; (iii) intentionally interfering with Nexon's contracts with players; and (iv) violating the ToU.

2.  Requiring Defendants to shut down the UMaple Network, and any colorable copy thereof, hosted at any domain, address, location, or ISP.

3.  Requiring Defendants to deliver to Nexon all copies of materials that infringe or violate any of Nexon's rights described herein.

Mitchell
Silberberg &
Knupp LLP

4054046.1

24

COMPLAINT

1      4.     Requiring Defendants to provide Nexon with an accounting of any

2   and all monies collected in connection with products or services that infringe or

3   violate any of Nexon's rights described herein.

4      5.     Awarding Nexon monetary relief, including damages sustained by

5   Nexon in an amount not yet determined, including actual or statutory damages for

6   copyright infringement and willful copyright infringement under 17 U.S.C. § 504

7   and § 1203 and other applicable laws as appropriate.

8      6.     Awarding Nexon its costs and attorneys' fees in this action pursuant

9   to 17 U.S.C. § 505 and § 1203 and other applicable laws.

10     7.     Awarding such other and further relief as this Court may deem just

11  and appropriate.

12

13  DATED: August 24, 2011          MITCHELL SILBERBERG & KNUPP LLP
                                    KARIN G. PAGNANELLI
14                                  MARC E. MAYER

15

16

17                                  By: _____
                                        Marc E. Mayer
18                                      Attorneys for Nexon America Inc.

19

20

21

22

23

24

25

26

27

1

## **JURY DEMAND**

2

3     Plaintiff, Nexon America Inc. ("Nexon"), hereby demands a trial by jury on

4 all matters and issues so triable.

5

6 Dated: August 24, 2011          MITCHELL SILBERG & KNUPP LLP

KARIN G. PAGNANELLI

7                           MARC E. MAYER

8

9

10                  By: _____

                     Marc E. Mayer

11                      Attorneys for Nexon America Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP

4054046.1

28

26

COMPLAINT

KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MARC E. MAYER (SBN 190969), mem@msk.com

MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXON AMERICA INC. a Delaware corporation.<br><br><div align="right">PLAINTIFF(S)</div><br>V.<br><br>PARDEEP KUMAR a/k/a "Alex," "Zain," "Alex Licena," "Alex Sarimento," "Alex Awesome," "lilkidalex," and gmanpopinjay," an individual, and DOES 1 through 10, inclusive.<br><br><div align="right">DEFENDANT(S).</div> | CASE NUMBER<br><br>**LACV11-6991** ODW(Sx)<br><br><br>**SUMMONS** |

TO DEFENDANT(S): <u>PARDEEP KUMAR a/k/a "Alex," "Zain," "Alex Licena," "Alex Sarimento," "Alex Awesome," "lilkidalex," and gmanpopinjay," an individual, and DOES 1 through 10, inclusive.</u>

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Marc E. Mayer</u>, whose address is <u>Mitchell Silberberg & Knupp, LLP,  11377 W. Olympic Boulevard, Los Angeles, CA 90064</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____AUG 2 4 2011_____

By: ___SUSANA P. BUSTAMANTE___

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

American LegalNet, Inc.
www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| NEXON AMERICA INC. a Delaware corporation. | PARDEEP KUMAR a/k/a "Alex", "Zain", "Alex Licena" "Alex Sarimento" "Alex Awesome" "lilkidalex", gmanpopinjay," an individual, and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| MARC E. MAYER (SBN 190969) mem@msk.com MITCHELL SILBERBERG & KNUPP LLP 11377 West Olympic Boulevard Los Angeles, California 90064-1683 Telephone: (310) 312-2000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ MONEY DEMANDED IN COMPLAINT: $ actual/statutory damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Direct, vicarious and contributory copyright infringement (Copyright Act, 17 U.S.C. § 101 et seq), inducement to infringe copyright; circumvention of copyright enforcement systems (17 U.S.C. § 1201(a)(1)(A)); breach of contract, unfair competition; intentional interference with contractual relations

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **LACV11-6991**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                            ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                            ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                            ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (Nexon America Inc.) | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Queens County, New York (Kumar) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date August 24, 2011
                                        Marc E. Mayer, Esq.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com