KARIN G. PAGNANELLI (SBN 174763),
kgp@msk.com
MARC E. MAYER (SBN 190969),
mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:   (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiff,
Nexon America Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXON AMERICA INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>PARDEEP KUMAR a/k/a "Alex," "Zain," "Alex Licena," "Alex Sarimento," "Alex Awesome," "lilkidalex," and "gmanpopinjay," an individual, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. LA-CV-11-6991 ODW (PJWx)<br><br>**NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION OF NEXON AMERICA INC. FOR LEAVE TO TAKE IMMEDIATE DISCOVERY RE: SERVICE AND IDENTITY OF DOE DEFENDANTS;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[DECLARATION OF MARC E. MAYER, [PROPOSED] *EX PARTE* ORDER filed concurrently herewith] |

Mitchell
Silberberg &
Knupp LLP

4135183.1

### *EX PARTE* **APPLICATION**

PLEASE TAKE NOTICE that Plaintiff Nexon America Inc. ("Nexon") hereby applies *ex parte* pursuant to Federal Rule of Civil Procedure 26(d) and Local Rule 7-19 for leave to take certain specified, expedited, pre-service discovery for the limited purpose of learning the true identities, whereabouts, and legal status of Does 1 through 10 (the "Doe Defendants"), including the individuals known as "emilyx3," Ashley," "candyman," "BABYBE3ZY," and "Awesome," in order to properly add them as named defendants in this action and to serve them with process.

Good cause exists for this Application: (1) despite reasonable and diligent efforts, Nexon has been unable to collect the information necessary to identify and serve the Complaint on the Doe Defendants, (2) such relief is necessary in revealing the true identities of the Doe Defendants, and (3) this litigation cannot proceed without the limited discovery requested in this Application. The discovery sought by this Application is extremely limited, and will not unfairly prejudice Defendants.

The facts surrounding this Application are as follows: Nexon is a developer and publisher of computer games, including the computer game "MapleStory." Defendants, individually or collectively, developed, own and operate a network of unauthorized, emulated ("private") MapleStory servers and affiliated websites (the "UMaple Network"). The websites include www.aurasea.net, www.bankaistory.net, and www.pockyms.net ("UMaple Websites"). The UMaple Network enables users to access and play MapleStory without Nexon's authorization and without being connected to Nexon's MapleStory server. In creating and operating the UMaple Network, each of the Defendants (including the Doe Defendants) has unlawfully copied, distributed, and encouraged others to copy and distribute, Nexon's copyrighted software. Defendants also have trafficked in

Mitchell
Silberberg &
Knupp LLP

4135183.1

2

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

devices designed to circumvent Nexon's access control technologies.  The UMaple Network causes serious and irreparable harm to Nexon and its products.

The Doe Defendants know that their conduct is unlawful.  Accordingly, for the express purpose of avoiding service by Nexon, they have hidden their identities behind various aliases and false names.  In addition to the named Defendant (who has defaulted), among the core operators of the UMaple Network are individuals known as "emilyx3," "Ashley," "candyman," "BABYBE3ZY," and "Awesome." Additionally, operators of the UMaple Network have created websites, Facebook pages, Twitter accounts, and YouTube accounts under the name "UMaple." Nexon has reason to believe that the person or persons who own these "UMaple" accounts are among the Doe Defendants or otherwise are affiliated with the Doe Defendants.

The Doe Defendants' wrongful acts constitute direct copyright infringement, inducement to infringe copyrights, contributory copyright infringement, vicarious copyright infringement, violation of Section 1201 of the Digital Millennium Copyright Act, breach of contract, and intentional interference with contractual relations.  The Doe Defendants' illegal activities cause significant and irreparable harm to Nexon.  Yet without the relief requested in the Application, Nexon will be unable to vindicate its rights.

To learn the true identities of the Doe Defendants and their relationship to the infringing activities, Nexon, by this Application, seeks to serve a subpoena for the production of documents and depositions, if necessary, pursuant to Federal Rule of Civil Procedure 45 on the following entities:

1. **Yahoo!, Inc.**, a company which provides e-mail services for Doe Defendant "Emilyx3" (wms_emilyx3@yahoo.com);

2. **Microsoft Corp.**, a company which provides e-mail services for "lilkidalex," who is believed to be either Defendant Pardeep Kumar or someone affiliated with Mr. Kumar (lilkidalex@live.com);

Mitchell
Silberberg &
Knupp LLP

4135183.1

3

3.      **YouTube**, **LLC**, a company through which a number of individuals and entities, including BABYBE3ZY and "Umaple" post instructional videos relating to use of the UMaple Network;

4.      **Facebook, Inc.**, a company through which "UMaple" (the entity at issue in this lawsuit) operates a web page and solicits new members.

5.      **Twitter Inc.**, a company through which "UMaple" possesses an account and posts updates to its members.

6.      **Cloudflare, Inc.**, a company that provides back-end services for the UMaple Websites.

7.      **Verizon Communications Inc.**, an Internet Service Provider that provided service to Defendant Pardeep Kumar.

8.      Should these efforts fail, any other third parties that are aware of the identities of the Doe Defendants that may be uncovered by Nexon's limited discovery from the entities described above.

Good cause also exists for allowing Nexon to take the requested discovery on an expedited basis.  First, without expedited discovery, crucial evidence is likely to be destroyed.  Second, Nexon has taken reasonable and diligent steps to locate the Doe Defendants.  Third, expedited discovery will substantially move this case forward, without prejudice to any responding party.

Nexon could not give notice of this Application to the Doe Defendants because, as noted above and in the accompanying declaration of Marc E. Mayer, despite diligent efforts, Nexon has been unable to ascertain the true identities of the Doe Defendants, who conduct their activities anonymously or under false names.  Indeed, the very purpose of this Application is to learn those identities.  It follows that Nexon was unable to give notice to the Doe Defendants before filing this Application as required by Local Rule 7-19.1.  However, Nexon has given notice of this Application using the only known means of contact associated with the Doe Defendants: wms_emilyx3@yahoo.com, lilkidalex@live.com, and

Mitchell
Silberberg &
Knupp LLP

4135183.1

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

1  babybe3zy@gmail.com.  Nexon has reason to believe that certain of the Doe

2  Defendants receive and regularly review e-mail sent to these addresses.  Nexon

3  also has given notice of this Application to Defendant Kumar at his home address.

4         This Application is based upon this *Ex Parte* Application, the attached

5  Memorandum of Points and Authorities, the attached supporting Declaration of

6  Marc E. Mayer, the exhibits attached thereto, the Complaint in this action filed on

7  August 23, 2011, and such other and further oral or documentary evidence and

8  legal memoranda as may be presented at or before any hearing on this application.

9

10  DATED:  September 26, 2011          KARIN G. PAGNANELLI
                                       MARC E. MAYER
11                                     MITCHELL SILBERBERG & KNUPP LLP

12

13                                     By: /s/ Marc E. Mayer
                                           Marc E. Mayer
14                                         Attorneys for Plaintiff,
                                           Nexon America Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &   28
Knupp LLP

4135183.1

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

1

## <u>TABLE OF CONTENTS</u>

2
**Page**

3   I.     INTRODUCTION ................................................................................ 1

4   II.    STATEMENT OF THE CASE ............................................................ 3

5   III.   NEXON SHOULD BE GRANTED LEAVE TO TAKE
        IMMEDIATE DISCOVERY TO LEARN DEFENDANTS'
6       IDENTITIES ...................................................................................... 6

7   IV.    EXPEDITED DISCOVERY WILL PROMOTE THE
        EFFICIENT ADMINISTRATION OF JUSTICE ............................ 9
8
    V.     EXPEDITED DISCOVERY WILL NOT PREJUDICE ANY
9       RESPONDING PARTY ...................................................................... 10

10  VI.    CONCLUSION ................................................................................ 11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

4135183.1

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

## <u>CASES</u>

4

5

<u>A&M Records Inc. v. Napster Inc.</u>,
239 F.3d 1004 (9th Cir. 2009)..................................................................2

6

7

<u>ABKCO Music, Inc. v. Stellar Records, Inc.</u>,
96 F.3d 60 (2d Cir. 1996) ........................................................................9

8

9

<u>Capitol Records, Inc. v. Doe</u>,
No. 07-cv-1570-JM (POR), 2007 WL 2429830
(S.D. Cal. Aug. 24, 2007)........................................................................10

10

11

<u>Columbia Ins. Co. v. Seescandy.com</u>,
185 F.R.D. 573 (N.D. Cal. 1999) .......................................................2, 6, 7

12

13

<u>Davidson & Assoc. v. Jung</u>,
422 F.3d 630 (8th Cir. 2005) ...................................................................2

14

15

<u>Gillespie v. Civiletti</u>,
629 F.2d 637 (9th Cir. 1980) ...................................................................6

16

17

<u>Hallet v. Morgan</u>,
296 F.3d 732 (9th Cir. 2002) ...................................................................6

18

19

<u>Knapp v. Americredit Fin. Servs., Inc.</u>,
204 F.R.D. 306 (S.D. W.Va. 2001) .........................................................9

20

21

<u>Maclin v. Paulson</u>,
627 F.2d 83 (7th Cir. 1980) .....................................................................6

22

23

<u>MDY Indus. v. Blizzard Entm't, Inc.</u>,
629 F.3d 928 (9th Cir. 2010) ...................................................................2

24

<u>Metro-Goldwyn-Mayer Studios Inc., v. Grokster, Ltd.</u>,
545 U.S. 913 (2005) ................................................................................2

25

26

<u>Monsanto Co. v. Woods</u>,
250 F.R.D. 411 (E.D. Mo. 2008)..............................................................8

27

<u>Munz v. Parr</u>,
758 F.2d 1254 (8th Cir. 1985)..................................................................6

28

Mitchell
Silberberg &
Knupp LLP

4135183.1

ii

# **TABLE OF AUTHORITIES**
## **(continued)**

**Page(s)**

Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,
    494 F.3d 788 (9th Cir. 2007)........................................................................9

Pod-Ners, LLC v. N. Feed & Bean of Lucerne LLC,
    204 F.R.D. 675 (D. Colo. 2002)..................................................................8

Qwest Commc'ns Int'l Inc. v. Worldquest Networks, Inc.,
    213 F.R.D. 418 (D. Colo. 2003)..................................................................8

Rose v. Abraham,
    No. 1:08-CV-00606-AWI-SMS, 2008 WL 3540542
    (E.D. Cal. Aug. 13, 2008)............................................................................7

Semitool, Inc. v. Tokyo Electron Am., Inc.,
    208 F.R.D. 273 (N.D. Cal. 2002) .............................................................7, 9

Shaw v. Lindheim,
    919 F.2d 1353 (9th Cir. 1990).....................................................................8

Sun Microsystems, Inc. v. Microsoft Corp.,
    188 F.3d 1115 (9th Cir. 1999).....................................................................9

Taylor Corp. v. Four Seasons Greetings, LLC,
    315 F.3d 1039 (8th Cir. 2003).....................................................................9

Valentin v. Dinkins,
    121 F.3d 72 (2d Cir. 1997)..........................................................................6

Wakefield v. Thompson,
    177 F.3d 1160 (9th Cir. 1999).....................................................................6

## **STATUTES**

17 U.S.C. § 1201 (Digital Millenium Copyright Act)...............................................5

iii

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

## OTHER AUTHORITIES

4 M. & D. Nimmer, Nimmer On Copyright § 14.06[A] ........................................... 9

Fed. R. Civ. P.
      Rule 26(d) ........................................................................... 7
      Rule 26(f) ............................................................................ 7
      Rule 45 ................................................................................ 3

Mitchell
Silberberg &
Knupp LLP

4135183.1

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

By this *Ex Parte* Application, Nexon America Inc. ("Nexon") seeks leave to take certain limited early discovery for the sole purpose of learning the true identities of Does 1 through 10, including the individuals known as "emilyx3," Ashley," "candyman," "BABYBE3ZY," and "Awesome," (the "Doe Defendants"), in order to properly add them as named defendants in this action and serve them with process.

This is a copyright infringement and breach of contract lawsuit arising from Defendants' creation and operation of a network of unauthorized, emulated ("private") MapleStory servers and affiliated websites (the "UMaple Network"). The websites include www.aurasea.net, www.bankaistory.net, and www.pockyms.net ("UMaple Websites").  Among other things, the servers and websites associated with the UMaple Network, including the Doe Defendants' "AuraSEA," "BankaiStory," and "PockyMS" enable members of the public to access and play MapleStory without the authorization of Nexon.  The UMaple Network causes immense harm to Nexon and its products.

As set forth in the Complaint, in furtherance of the operation of the UMaple Network, Defendants (including the Doe Defendants) copied the MapleStory game software (known as the "client"), created derivative works of files contained within the MapleStory game, uploaded copies of the game to the Internet, posted links to those infringing files, encouraged members of the public to download those files, and offered support and instruction to users copying and downloading those infringing files.  Complaint, ¶¶ 32-35; 41-43 (a copy of the Complaint is attached as Exhibit 1 to the Declaration of Marc E. Mayer).  Additionally, in order to allow users to access the UMaple Servers, Defendants trafficked in technology designed to circumvent or bypass strict access control measures contained within the MapleStory client.  Complaint, ¶¶ 36-40; 82-85.

Mitchell
Silberberg &
Knupp LLP

4135183.1

1

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

1    There can be little dispute that the conduct engaged in by Defendants

2  constitutes direct copyright infringement and inducement to infringe copyrights.

3  See, e.g., A&M Records Inc. v. Napster Inc., 239 F.3d 1004, 1013-14 (9th Cir.

4  2009); Metro-Goldwyn-Mayer Studios Inc., v. Grokster, Ltd., 545 U.S. 913, 919

5  (2005).  Additionally, Defendants' conduct constitutes a violation of the anti-

6  circumvention provisions of the DMCA.  See MDY Indus. v. Blizzard Entm't,

7  Inc., 629 F.3d 928, 942 (9th Cir. 2010).  Finally, Defendants' conduct violates (and

8  induces a breach of) the terms of service and end-user license agreements between

9  Nexon and its customers.  See Davidson & Assoc. v. Jung, 422 F.3d 630 (8th Cir.

10  2005).

11    Courts have recognized that where tortious conduct occurs through on-line

12  activity, "[s]ervice of process can pose a special dilemma for plaintiffs" because

13  tortfeasors are able "to commit certain tortious acts, such as . . . copyright

14  infringement" virtually "pseudonymously or anonymously" by providing

15  "fictitious or incomplete identifying information."  Columbia Ins. Co. v.

16  Seescandy.com, 185 F.R.D. 573, 577-78 (N.D. Cal. 1999).  Under such

17  circumstances, pre-service discovery is appropriate.

18    To learn the identities and whereabouts of the Doe Defendants and their

19  relationship to the infringing activities, Nexon seeks certain limited discovery from

20  several entities that are likely to possess information concerning the identity and

21  location of the Doe Defendants: (1) **Yahoo!, Inc.**, a company which provides e-

22  mail services for Doe Defendant "Emilyx3" (wms_emilyx3@yahoo.com);

23  (2) **Microsoft Corp.**, a company which provides e-mail services for "lilkidalex,"

24  who is believed to be either Defendant Pardeep Kumar or someone affiliated with

25  Mr. Kumar (lilkidalex@live.com); (3) **YouTube**, **LLC**, a company through which

26  Doe Defendant "BABYBE3ZY" and many other suspected operators of the

27  UMaple Network post instructional videos relating to use of the UMaple Network;

28  (4) **Facebook, Inc.**, a company through which "UMaple" (the entity at issue in this

Mitchell
Silberberg &
Knupp LLP

4135183.1

2

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

1   lawsuit) operates a web page and solicits new members; (5) **Twitter Inc.**, a

2   company through which "UMaple" possesses an account and posts updates to its

3   members; (6) **Cloudflare, Inc.**, a company that provides back-end services for the

4   UMaple Websites; and (7) **Verizon Communications Inc.**, an Internet Service

5   Provider that provided service to Defendant Pardeep Kumar.

6        By virtue of their business and financial relationships with the Doe

7   Defendants or their predecessors, each of these third parties likely possesses

8   information concerning (or relevant to discovering) the Doe Defendants' true

9   identities.  Accordingly, Nexon seeks an order from the Court granting leave to

10  serve Rule 45 subpoenas for the production of documents and deposition, if

11  necessary, on these persons and entities immediately.

12  **II.**    **STATEMENT OF THE CASE**

13       **Nexon and its Products.**  Nexon is a computer game developer and

14  publisher, engaged in the business of developing, financing, producing, marketing,

15  and distributing popular high-quality software game products for personal

16  computers (PCs) including the computer game titled MapleStory.  Nexon is the

17  owner of copyrights in numerous computer software entertainment products,

18  including the computer game "MapleStory." Complaint, ¶10. Nexon's copyright in

19  MapleStory covers nearly all aspects of the game as distributed, including the

20  underlying code and the audiovisual elements of the game.  Id.

21       **MapleStory.**  MapleStory is an online, multiplayer computer game in which

22  thousands of people simultaneously travel throughout the virtual, computer-

23  generated "Maple World," defeating foes, completing quests, solving puzzles, and

24  developing their characters' skills and abilities.  Complaint, ¶ 16.

25       Two interrelated components are required to play MapleStory.  First, users

26  must download and install on their personal computers a software product known

27  as the MapleStory "client."  Complaint, ¶ 18-19.  Second, once the MapleStory

28  client has been installed, users must connect to Nexon's MapleStory Internet server

Mitchell
Silberberg &
Knupp LLP

4135183.1

3

1  via an online connection.  Nexon's MapleStory server, among other things,

2  provides players with access to the copyrighted content of the MapleStory gaming

3  environment, connects MapleStory players with each other, and generates the

4  living, evolving MapleStory game world in which users interact with each other

5  and with the game.  Id.  In its normal course of operation, MapleStory cannot be

6  played without both the MapleStory client and an active online connection to

7  Nexon's MapleStory server.  Id.

8         Nexon's client contains a number of security measures that prevent the game

9  from being connected to and/or played on servers other than Nexon's MapleStory

10 server.  Id., ¶¶ 28-31.  Additionally, any person wishing to play MapleStory must

11 create an account with Nexon and consent to Nexon's "Terms of Use."  Id., ¶ 20-

12 27.

13        **The UMaple Network.**  Defendants, along with Defendant Pardeep Kumar,

14 are the creators, owners and operators of a for-profit venture known as "UMaple."

15 Complaint, ¶3.  Through this venture, Defendants enable members of the public to

16 access and play MapleStory without the authorization of Nexon and without being

17 connected to Nexon's MapleStory server.  Id.; Complaint, ¶ 32.  Specifically,

18 Defendants developed, own and operate a series of websites and servers known as

19 the "UMaple Network."  The UMaple Network is comprised of three "UMaple

20 Servers" ("AuraSEA," "BankaiStory," and "PockyMS") and three UMaple

21 Websites (www.aurasea.net, www.bankaistory.net, and www.pockyms.net) that

22 provide users with information, products and other services necessary to access

23 and use the UMaple Servers.  Complaint, ¶33.  The UMaple Servers are designed

24 to emulate Nexon's MapleStory server and enable large-scale multi-player online

25 play of MapleStory without the authorization of Nexon.

26        **Defendants' Unlawful Conduct.**  As set forth in the Complaint, in order to

27 create and operate the UMaple Network, Defendants, including the Doe

28 Defendants, engaged in the following activities:

Mitchell
Silberberg &
Knupp LLP

4135183.1

4

1    • They copied and modified copyrighted MapleStory files, uploaded

2    those files to the Internet, posted links to those files (and updated those links), and

3    instructed and encouraged members of the public to download both those files and

4    pirated copies of the entire MapleStory game "client."  This conduct constitutes

5    copyright infringement, contributory infringement, and inducement to infringe

6    copyrights.  Complaint, ¶¶ 32-35; 41-44.

7    • They created and offered to the public computer files designed to

8    circumvent and bypass access controls put into place by Nexon.  Those access

9    controls were intended specifically to thwart activities such as Defendants'.  This

10   conduct violates Section 1201 of the DMCA.  Complaint, ¶¶ 36-40; 82-86.

11   • They breached their terms of use with Nexon (which specifically

12   prohibit the creation and use of emulated servers).  Complaint, ¶¶ 45, 96.  And,

13   with knowledge that others had entered into the same terms of use, Defendants

14   encouraged those people to engage in conduct that plainly violated that contract.

15   Complaint, ¶¶ 98, 100.

16   Defendants' conduct plainly is willful: the very purpose of the UMaple

17   Servers and the UMaple Websites is to facilitate copyright infringement and to

18   breach and induce breach of terms of service and contracts with Nexon.  Indeed,

19   each of the Doe Defendants has posted messages on the UMaple Websites

20   discussing Nexon and the possibility of a lawsuit filed by Nexon to shut down the

21   UMaple Network.  They are fully aware that their conduct is unlawful and have

22   taken pains to hide their identities from Nexon.

23   The Doe Defendants are those individuals or entities who have been self-

24   identified as administrators and moderators on forums and/or involved in coding

25   the UMaple Servers and/or providing assistance to UMaple users.  Nexon has

26   undertaken an extensive investigation into the identities of these individuals.

27   Based on that investigation, Nexon identified Defendant Kumar as one of the chief

28   operators of the UMaple Network.  Kumar has been served with process, but has

Mitchell
Silberberg &
Knupp LLP

4135183.1

5

not appeared in this action, and his default has been entered by the clerk.  Despite diligent efforts (*infra* Section III), Nexon has been unable to locate and/or identify the true identities of the Doe Defendants prior to taking discovery.  However, Nexon has identified a number of websites and other services used by the Doe Defendants, and expects that the owners of these services (including YouTube, Facebook, Microsoft, Cloudflare, and Verizon) will have information concerning the identity of these individuals.

## III.    NEXON SHOULD BE GRANTED LEAVE TO TAKE IMMEDIATE DISCOVERY TO LEARN DEFENDANTS' IDENTITIES

District courts have broad discretion in scheduling discovery, including the discretion to order expedited discovery.  Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  As a threshold matter, courts routinely allow pre-service discovery to identify Doe defendants.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of [the] alleged defendant[] [is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds"); see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that district court erred in dismissing Doe defendant "simply because [plaintiff] was not aware of Doe's identity at the time he filed his complaint"); Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980). Such discovery is especially appropriate where individuals "pseudonymously or anonymously" commit tortious acts over the Internet.  Seescandy.com, 185 F.R.D. at 578-81 (authorizing plaintiff to conduct pre-service discovery to ascertain the identities of Doe defendants accused of committing trademark infringement over the Internet).

Mitchell
Silberberg &
Knupp LLP

4135183.1

6

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

1       Although discovery ordinarily ensues after a defendant has been served with

2    process and the court has held a Rule 26(f) conference (see Fed. R. Civ. P. 26(d)),

3    the court may authorize expedited discovery for "good cause." Semitool, Inc. v.

4    Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); see Rose v.

5    Abraham, No. 1:08-CV-00606-AWI-SMS, 2008 WL 3540542 at *2 (E.D. Cal.

6    Aug. 13, 2008).  Good cause exists "where the need for expedited discovery, in

7    consideration of the administration of justice, outweighs the prejudice to the

8    responding party." Semitool, 208 F.R.D. at 276.  Here, good cause exists for

9    expedited discovery.  First, expedited discovery is necessary to identify the Doe

10   Defendants, to avoid potential spoliation of evidence, and stop the irreparable harm

11   of further infringement.[1]  Second, expedited discovery will promote the efficient

12   administration of justice because it will enable Nexon to properly name all

13   Defendants and for this action to proceed efficiently toward resolution.  Third, the

14   requested expedited discovery will not prejudice any responding party.

15       *First*, Nexon has attempted to determine the Doe Defendants' true identities

16   and whereabouts by tracking down information related to the UMaple Websites

17   and the Doe Defendants' aliases.  Declaration of Marc E. Mayer ("Mayer Decl.")

18   ¶¶ 2, 3, 7, 8.  Through these efforts, Nexon learned that entities including Yahoo!,

19   Cloudflare, YouTube, Facebook, Microsoft, Verizon, and Twitter are likely to have

20   information concerning the identities of the Doe Defendants.  Mayer Decl. ¶ 8.

---

22   [1] "Service of process can pose a special dilemma for plaintiffs in cases like this in
     which the tortious activity occurred entirely on-line.  The dilemma arises because,
23   as here, the defendant may have used a fictitious name and address in the
     commission of the tortious acts. … With the rise of the Internet has come the
24   ability to commit certain tortious acts, such as defamation, copyright infringement,
     and trademark infringement, entirely on-line.  The tortfeasor can act
25   pseudonymously or anonymously and may give fictitious or incomplete identifying
     information.  Parties who have been injured by these acts are likely to find
26   themselves chasing the tortfeasor from Internet Service Provider (ISP) to ISP, with
     little or no hope of actually discovering the identity of the tortfeasor."
27   Seescandy.com, 185 F.R.D. at 577-78.  In these circumstances, a plaintiff has no
     choice but to sue the Internet-infringer as a "doe" defendant and then seek to learn
28   the identity of the infringer through the discovery process.

Mitchell
Silberberg &
Knupp LLP

4135183.1

7

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

1    *Second*, expedited discovery is necessary because there is a tangible risk that

2    the information Nexon seeks will be destroyed.  ISPs typically retain user activity

3    logs containing the information sought for only a limited period of time –

4    sometimes for as little as a few weeks – before erasing the data.  Mayer Decl.¶ 7.

5    If such information is destroyed, Nexon will lose the opportunity to identify the

6    Doe Defendants who are directly involved with the UMaple Network, including

7    the UMaple Websites.  Accordingly, if Nexon is to pursue its lawsuit to protect its

8    copyrighted works, Nexon must have swift access to the ISPs' information.  Where

9    "physical evidence may be consumed or destroyed with the passage of time,

10   thereby disadvantaging one or more parties to the litigation," good cause for

11   expedited discovery exists.  Qwest Commc'ns Int'l Inc. v. Worldquest Networks,

12   Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); see Monsanto Co. v. Woods,

13   250 F.R.D. 411, 413 (E.D. Mo. 2008) (granting request for expedited discovery

14   because "as time passes, the likelihood of discovering evidence relevant to their

15   claims will decrease"); Pod-Ners, LLC v. N. Feed & Bean of Lucerne LLC,

16   204 F.R.D. 675, 676 (D. Colo. 2002) (allowing plaintiff expedited discovery to

17   inspect beans in defendant's possession because the beans might no longer be

18   available for inspection if discovery proceeded in the normal course).

19         *Finally*, expedited discovery is necessary where, as here, the complaint

20   alleges claims of infringement.  Qwest, 213 F.R.D.at 419 ("The good cause

21   standard may be satisfied . . . where the moving party has asserted claims of

22   infringement and unfair competition.").[2]  Expedited discovery is necessary because

23

24   [2] Nexon's claims for complaint copyright infringement, inducement to infringe
     copyrights, contributory copyright infringement, vicarious copyright infringement,
25   violation of Digital Millennium Copyright Act, breach of contract and intentional
     interference with contractual relations against the Doe Defendants will withstand a
26   motion to dismiss.

27   A plaintiff states a claim for copyright infringement by establishing (i) ownership
     of a copyright and (ii) copying.  Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir.
28   1990).  Contributory copyright infringement occurs when a defendant "(1) has
                                                                    (…continued)

Mitchell
Silberberg &
Knupp LLP

4135183.1

8

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

1   infringement claims involve irreparable harm to the plaintiffs.  <u>Sun Microsystems,</u>

2   <u>Inc. v. Microsoft Corp.</u>, 188 F.3d 1115, 1121 (9th Cir. 1999) ("Federal copyright

3   law presumes irreparable harm from the infringement of a copyright."); <u>see also</u>

4   4 M. & D. Nimmer, Nimmer On Copyright § 14.06[A], at 14-125 (2007); <u>Taylor</u>

5   <u>Corp. v. Four Seasons Greetings, LLC</u>, 315 F.3d 1039, 1041-42 (8th Cir. 2003);

6   <u>ABKCO Music, Inc. v. Stellar Records, Inc.</u>, 96 F.3d 60, 66 (2d Cir. 1996).  Here,

7   it is necessary to identify and serve the Doe Defendants as quickly as possible so as

8   to ensure they do not continue to infringe the copyrights of Nexon.  In sum,

9   expedited discovery is necessary to identify Defendants, to avoid potential

10  spoliation of evidence, and stop the irreparable harm of further infringement.

11

12  **IV.   EXPEDITED DISCOVERY WILL PROMOTE THE EFFICIENT**

13        **ADMINISTRATION OF JUSTICE**

14        In addition to being necessary, Nexon's proposed expedited discovery is

15  critical to ensure that those who operate and profit from the unlawful infringement

16  in this case can be brought before the Court as soon as possible.  Information from

17  the third parties sought to be subpoenaed will likely identify the individuals or

18  entities operating the UMaple Network, each of whom should timely be made

19  Defendants in this case.  <u>See</u> <u>Knapp v. Americredit Fin. Servs., Inc.</u>, 204 F.R.D.

20  306, 308-09 (S.D. W.Va. 2001) (granting, in a case with Doe defendants and a

21  named defendant, expedited discovery because it "further[s] the goal of assuring

22  that the necessary parties are joined and participating in this action at the earliest

23  possible date"); <u>Semitool</u>, 208 F.R.D. at 277 (reasoning that expedited discovery is

24  justified where it will "substantially contribute to moving th[e] case forward").

25

26  (…continued)
    knowledge of another's infringement and (2) either (a) materially contributes to or

27  (b) induces that infringement."  <u>Perfect 10, Inc. v. Visa Int'l Serv. Ass'n</u>, 494 F.3d
    788, 795 (9th Cir. 2007).  Here, Nexon has more than adequately pled its claims

28  against the Doe Defendants.

## V.   EXPEDITED DISCOVERY WILL NOT PREJUDICE ANY RESPONDING PARTY

This Application seeks leave to subpoena a limited number of entities, <u>see</u> Mayer Decl.¶¶ 7-8 & Ex. 2 (collectively, the "Subpoenaed Parties") for the limited purpose of learning the Doe Defendants' true identities, whereabouts, and relationship to the infringing U Maple Network.  These third-party persons and entities are those most likely to have information that will assist in identifying the Doe Defendants so that service can be effected.

Concurrent with the filing of this Application, Nexon is notifying the Subpoenaed Parties of the Application's filing and requesting that they each preserve records that may be responsive to Nexon's discovery.  Mayer Decl. ¶ 8, & Ex. 2.  If the Court grants this Application, Nexon will promptly serve subpoenas requesting information identifying those affiliated with the UMaple Network.  The Subpoenaed Parties will be able to notify the Doe Defendants that Nexon is seeking their identities and all parties will have the opportunity to raise objections by filing a motion to quash in this Court before the return date of the subpoena. The Subpoenaed Parties will be asked for information that they would have eventually provided in the normal course of discovery, so they take on no extra burden by responding to expedited discovery.  Thus, the Doe Defendants will not be prejudiced if this Application is granted.

In addition, Nexon's narrowly tailored discovery does not exceed the minimum information required to advance this lawsuit and, thus, will not prejudice the Doe Defendants or Subpoenaed Parties.  <u>See</u> <u>Capitol Records, Inc. v. Doe</u>, No. 07-cv-1570-JM (POR), 2007 WL 2429830, at *1 (S.D. Cal. Aug. 24, 2007) (motion for immediate discovery granted because of narrow tailoring of requests, allegations of copyright infringement, danger of lost evidence, and need for the discovery to move the case forward).  Here, Nexon only seeks information

Mitchell
Silberberg &
Knupp LLP

4135183.1

10

*EX PARTE* APPLICATION OF NEXON AMERICA INC.
FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

1   necessary to identify the Doe Defendants, their whereabouts, and their relationship

2   to the UMaple Network, including the UMaple Websites.

3

4   **VI.    CONCLUSION**

5        For the foregoing reasons, Nexon's *Ex Parte* Application for leave to take

6   expedited pre-service discovery should be granted.

7

8   DATED: September 26, 2011          MITCHELL SILBERBERG & KNUPP LLP
                                        MARC E. MAYER
9                                       KARIN G. PAGNANELLI

10

11                                      By: /s/ Marc E. Mayer
12                                          Marc E. Mayer
                                            Attorneys for Plaintiff,
13                                          Nexon America Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP

4135183.1

28

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

  On September 26, 2011, I served a copy of the foregoing document(s) **NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION OF NEXON AMERICA INC. FOR LEAVE TO TAKE IMMEDIATE DISCOVERY RE: SERVICE AND IDENTITY OF DOE DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES** described as on the interested parties in this action at their last known address as set forth below by taking the action described below:

***Defendant***

Pardeep Kumar
9515 115th Street
South Richmond Hill, NY 11419

 ☒ **BY MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

  I declare under penalty of perjury under the laws of the United States that the above is true and correct.

  Executed on September 26, 2011, at Los Angeles, California.

<br>

          *Jennifer D. Gaines*
          Jennifer Gaines

Mitchell
Silberberg &
Knupp LLP

4140819.1